IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ABDUL JAMMAL McDONALD-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 1:12-CV-120 |
| ) | |
| KAREN SPRINGER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Abdul Jammal McDonald-Bey, a *pro se* plaintiff, has filed a complaint and an Application to Proceed Without Prepayment of Fees and Affidavit (*in forma pauperis*). (DE # 1, 2.) For the reasons set forth below, the Plaintiff's Application (DE # 2) is **DENIED**, and his Complaint (DE # 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

McDonald-Bey, a *pro se* plaintiff, filed this action on April 11, 2012. (DE #1.) He appears to be trying to "remove" a case pending in Allen County Family Court pertaining to his obligation to pay child support, and names as defendants a state judge and prosecutor, the court itself, and the State of Indiana Child Support Division. The bulk of the complaint consists of statements pertaining to McDonald-Bey's alleged status as an "Aboriginal

Indigenous Moorish American National" who is subject to the "Treaty of Peace and Friendship of 1836 A.D." between the United States and Morocco. He appears to be claiming that the Allen County court lacks jurisdiction over him, and that any orders entered against him are invalid because he is not subject to the laws of Indiana or the United States. Among other relief, he seeks enforcement of the "Divine Constitution and By-Laws of the Moorish Science Temple of America," dismissal of the state case, and monetary damages against the defendants. [DE # 1 at 11-13.)

DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, McDonald-Bey did not submit his *in forma pauperis* request on the appropriate form, nor does he disclose complete information about his financial status. Instead, he asserts that he does not "possess. . . any gold or silver coins," and asserts that the Court's "demand" for "Financial statements" constitutes a denial of his due process rights. (DE # 2.) However, even if McDonald-Bey could demonstrate his financial eligibility for *in forma pauperis* status, his complaint would fail under the second inquiry.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32-33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Even giving the complaint liberal construction, the Court cannot discern within it any plausible federal claim against any defendant. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of

mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim). As a general matter, federal courts do not have jurisdiction over family law matters. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979). To the extent McDonald-Bey is claiming to be a "sovereign citizen" not subject to the laws of Indiana or the United States, such a claim is "shop worn" and "frivolous." *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *see also Blake-Bey v. Cook County, Ill.*, 438 Fed. Appx. 522, at *1 (7th Cir. Nov. 23, 2011) (suit properly dismissed as frivolous where plaintiffs, adherents of Moorish Science Temple of America, alleged that they were citizens of Moroccan Empire not subject to the laws of Illinois); *United States v. Toader,* 409 Fed. Appx. 9, at *13 (7th Cir. Nov. 24, 2010) (rejecting argument that court lacked jurisdiction over defendant claiming to be "Native Asiatic Moorish National Citizen" since laws of the United States "apply to all persons within its borders").

Furthermore, this Court has no authority to dismiss, review, or otherwise interfere with the state court case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308

F.3d 768, 771-72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Additionally, both the judge and prosecutor are entitled to immunity for their actions taken in the state case, even if McDonald-Bey believes they acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutorial immunity). The State of Indiana Child Support Division is entitled to Eleventh Amendment immunity, *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987), and a superior court is not a suable entity under Indiana law and thus cannot be sued for constitutional violations. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, the Court declines to authorize the Plaintiff to proceed with this lawsuit under the *in forma pauperis* statute.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepayment of Fees, and **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DATED: April 24, 2012**              /s/RUDY LOZANO, Judge
                                                                **United States District Court**